Alright, our second case for this morning is Aldaco v. Rentgrow. Ms. Tatar? Good morning. May it please the Court. My name is Stephanie Renee Tater. I represent the plaintiff, Rafaela Aldaco. The Fair Credit Reporting Act prohibits reporting adverse information on consumer reports after seven years, except for convictions of crime. Ms. Aldaco was not convicted of a crime. Therefore, the background check that was prepared by Defendant Yardy, which disclosed criminal history from over 20 years ago, was unlawful. The two issues presented to this Court for review are as follows. How should this Court define the term conviction for the purposes of the Fair Credit Reporting Act? And secondly, regardless of how conviction is defined for the purposes of the Fair Credit Reporting Act, the entry of summary judgment in favor of Defendant Yardy was improper because Ms. Aldaco's consumer report was inaccurate and misleading, and the District Court failed to address these issues. We urge this Court to adopt a reasonable and common-sense definition for the term conviction. That is, a formal and final judgment in a criminal matter. It must be that a conviction... Counsel, you have a problem, I think, with Dickerson v. New Banner Institute. You have a problem on two fronts as I read that case. First, it holds that federal law, that the meaning of the word conviction in a federal statute is a question of federal law. And second, it holds that a finding of guilt without a formal judgment is a conviction under federal law. Now, you, of course, have relied on the dissent in Dickerson, but the dissent is still a dissent, and we're bound by the majority opinion. So I'd like you to address the salience of the majority opinion. The court in Dickerson held that for the purposes of the Gun Control Act, the term conviction should include those instances where a formal conviction is not entered. That is true. The Gun Control Act serves a very different purpose than the Fair Credit Reporting Act. We need, it seems to me, to deal with texts. You want to skip straight to purpose. But the Supreme Court these days says that federal statutes, the meaning of federal statutes, depends on their text. And I'd like you to deal with the text. Is there any textual difference between 921 paren 20, the statute in Dickerson? And the Fair Credit Reporting Act? There is a difference in that the Gun Control Act made it explicit that even indictments should be considered when determining whether or not an individual should be granted a license for a gun. Now, I want you to deal with the word conviction. Is there any textual difference between the word conviction? Maybe there's something about the context that differs. I'm not really interested in whether there was other language in 921. The Dickerson court reviewed the term conviction. That is just the word that is used in the statute. Likewise, in the Fair Credit Reporting Act, we have the word convictions of crime. Right. So is there something in the context of these statutes which suggests that one receives a meaning under federal law and another receives a meaning under state law? I had a hard time seeing any such difference. But maybe there's something I'm missing. That's why I'm inviting you to address this. Well, I think we have to address the purposes of both statutes. We have to address the text and context if we're to be faithful to the Supreme Court's methodology. You can't just throw them out and turn to purpose, because when you turn to purpose, you get back only what you put in, which is to say you get a mirror image of your own thoughts. I really would like you to deal with text and context, if you can. The text of the Gun Control Act references convictions. There is no difference in terms between the conviction statement in the Gun Control Act and the use of the term convictions of crime under the Fair Credit Reporting Act. But we can't just look at the words of the statute. And that's what Dickerson says. You have to look beyond the text to determine what the purpose of that statute is. No, you look at the context. Why don't you go ahead? All right, so let me maybe come at this a different way. Dickerson and actually lots of other things suggest that under a federal statute, there ought to be a uniform federal understanding of what the law is. And we even have this in different contexts with a kind of a common core of burglary and so forth. But the question, what is the content of that uniform federal law, is a different question. There could just be a federal definition saying, as far as we're concerned, the minute you're arrested, you've been convicted. Or you could say, only when a formal conviction meeting all of the standards of the prosecuting jurisdiction has been entered would there be a conviction. You could have something in between. Once there's a guilty plea, even if the case gets null prost after that, we still think there's a conviction. There are lots of different definitions. And sometimes federal law even borrows from state law for its definition. There's the Clearfield Trust line of cases and so on where that occasionally happens. So I think saying there's a uniform federal rule is actually the beginning of the discussion, not the end of the discussion. And there, in context, you're saying that the gun law may have one set of criteria that it uses, one set of mechanisms that it sets up. The Fair Credit Reporting Act has a different set of mechanisms that it sets up. For one thing, it's a rule, and I'm going to ask your opponent about this, that needs to be relatively easy for credit reporting agencies to administer. And if they're digging around into the minutia of every state conviction, they're going to make a lot of mistakes. The rule that you're arguing for, as I understand it, which is that you've got to be able to go to a docket and see a judgment of conviction entered, might be easier to administer. Yes, I would agree with that. And that is exactly what we're proposing, is that we adopt a definition or a standard for what does this conviction mean. I'm not arguing necessarily that we have to look at state law. What I'm saying is state law can help us interpret those criminal dockets. But what we would like to see is that this phrase, convictions of crimes, includes this final judgment. What is the last thing that happened in a criminal case? That's what should be reported. This would ensure that consumer reporting agencies look to the case as a whole and not simply one docket entry. Because a guilty plea does not make a conviction. A procedural history in a criminal case does not make a conviction. It is the final disposition of the plea. It sounds like you're asking us to go with the dissent in Dickerson. Isn't that a problem? I know it was a good dissent, right? I'm willing to agree that Chief Justice Rehnquist had many good things to say. But what he didn't have was a majority of the court. Isn't that a problem for you? Well, when Justice Rehnquist was discussing the terminology of conviction, he specifically said that convictions under statutes can be broad, but the plain meaning of the word conviction is a formal entry of judgment. I know he said that. And five justices disagreed with him. The question is, what would justify a court of appeals in saying, we agree with the reasoning in the dissent, hence the dissent is now the law in the Seventh Circuit, at least for the Fair Credit Reporting Act? That just invites summary reversal. But there are several instances where federal statutes are interpreted using Well, that's what you would need to do. I mean, if there were four statutes in which the term conviction was interpreted the way the Dickerson majority interpreted and another four statutes in which it was interpreted the way the dissent in Dickerson did, then you would begin to build a sense that the court is taking this as it frequently does. Statute by statute. Some statutes have scienter requirements. Others don't. Some statutes count for different kinds of bases of liability. Think of the trans-America case. So the court sometimes does take things statute by statute. And what you need to explain is why this is one of those things, in which case the court would look at this and say, well, we weren't talking about the Fair Credit Reporting Act in Dickerson. We were talking about the Gun Control Act. End of discussion. And that is exactly what the court did in the Dickerson case. It said for the purposes of that statute. I want the other cases. So we have Dickerson saying conviction means guilty plea or other pre-judgment events. What do you have on the other side of the equation? In terms of how to define conviction? Yeah, which courts, certainly a Supreme Court decision would be nice, but even if there isn't one, have there been cases where courts have said that context matters, that the context of what the statute is using the conviction for makes a difference? Yes. Justice Rehnquist referenced several different statutes in his dissent where conviction was applied, the definition of conviction was applied differently in those statutes. And these are decisions that have not been overruled. These are statutes which use the terms conviction in a manner that is different and inconsistent with the way it is used in the Gun Control Act. So I will note while you're looking at this that Illinois itself seems quite clear to say that a diversionary disposition that's successfully completed shall not be termed a conviction for purposes of anything, really. The statute says for purposes of disqualification of disabilities imposed by law, but then you get later Illinois Supreme Court decisions that say no judgment of conviction is entered in this instance. Right. There is a substantial amount of support from the state of Illinois regarding whether or not a supervision, an order of supervision is actually a conviction. And other states may have similar rules, which takes us back to whether we have, well, is there a uniform federal law? Let's assume yes, but what is its content? Does its content borrow from the various states? If somebody gets a traffic ticket in Nebraska, or sorry, if somebody gets a traffic ticket maybe in Colorado for marijuana, which I don't think they'd even get that at this point, but maybe hypothesize, and they get a felony in the next state, are they both convictions, even though state law treats the underlying behavior quite differently? Which is precisely why we would like this court to adopt that formal final conviction definition. And this court has looked to state law in the past under the Fair Credit. Counsel, let me tell you what my problem is with state law. You just said Illinois does not view this kind of sequence as a conviction. I looked in your briefs, and your briefs, both your opening brief and reply brief, do not cite a single Illinois decision, not even one. Now, I've looked at Illinois law to try to find how Illinois classifies this, and it looks like the Supreme Court of Illinois is in internal conflict. It's got some cases saying that dispositions like this count as convictions for recidivism enhancements, and some cases saying that they don't. Is there some way we can resolve this conflict in decisions of the Supreme Court of Illinois? Your brief doesn't help because, as I say, it doesn't cite even one state case. I believe we cited the people of the state of Illinois versus Bushnell in our brief. That is an Illinois Supreme Court decision. And where did you cite it? Because it's not in your index. Maybe I just haven't looked carefully. It's page 11 of the opening brief. You've got one cited in the brief omitted from the index, so I will stand corrected. Anyway, if you want to save a little bit of time for rebuttal, I would advise you do that. I would like to do that. Thank you very much. All right, thank you. Thank you. Thank you. Thank you. May it please the Court. My name is Deanna Kunze, and I represent the defendant, Apelli YRS, sometimes referred to as Yardi. Excuse me? Am I missing something? I thought the defendant's name is RentGrow. So that's the DBA. It's their what? They're doing business as. Their DBA is RentGrow. But their legal entity is. Okay, could you try this again? What is their legal name? Their legal name is Yardi Resident Screening Incorporated. So why is this? You've put it the opposite way in your brief. It says RentGrow doing business as Yardi Resident Screening. Then I panicked and told you the exact opposite of what I actually meant. The full name of every party that the attorney represents in this case, your certificate of interest. Yes. RentGrow Inc. Okay, so RentGrow Inc. is, I'm sorry, the legal name, and it does business as Yardi Resident Screening. Okay. So let me ask you, this is the only thing that really mystifies me about your position. What's the trigger as far as RentGrow is concerned for something being a conviction? Is it an arrest? We think that it is an adjudication of guilt. But what if there's no, what is an adjudication of guilt? We would say that it's a finding of guilt that's been entered by a court. A finding of guilt. But what if the court doesn't make that entry? What if the court says, we heard your guilty plea. Proceedings are now adjourned. Leaving open the possibility, I would say, of the withdrawal of the guilty plea. Leading open the possibility of the prosecution being dropped altogether. So a non-prosecution decision, whatever it's called, locally. Leaving open the possibility that there would be a superseding indictment with greater charges. There's just, somebody stands up there and says, you know, I did X, guilty plea. And the court says, thank you very much. Proceedings adjourned. Is that an adjudication of guilt in your view? I wouldn't think that it is, Your Honor. And the reason there is just because I've made a guilty plea doesn't necessarily mean that the court entered a finding of my guilt. It sounds like you're also agreeing with the dissent in Dickerson. Because that was the dissent's position. But it wasn't the majority's holding. It is not the majority's holding. And I actually think that I can maybe shed a little light. So we have two parties both relying on their different interpretations of a dissenting opinion and nobody relying on the majority. Well, so my understanding is that the Gun Control Act has been amended since the It has been amended to expressly incorporate state law. Correct. But there's no such language in the Fair Credit Reporting Act. That's right. So we're stuck with the word conviction in a federal statute, which is why I'm turning to Dickerson. If we go to Illinois law, we would presumably turn to the decisions of the Supreme Court of Illinois, one of which, one I'm staring at from 1995, has the phrase, charges resulting in supervision have been treated as prior committed offenses for purposes of imposing subsequent penalties. That's people against Sheehan, which neither side in this case has discussed. We've got internal problems in the Supreme Court of Illinois about what counts as a conviction. Or at least for what purposes. Because although Sheehan says that, there are a number of other cases. Yes, there are. Such as the Sunig case that says the successful completion of a period of supervision does not result in conviction for purposes of impeachment, for example. So the Illinois, I'm going to be nicer to them and say the Illinois Supreme Court seems to care about what use this prior history is being put to. And certainly for recidivism, federal sentencing guidelines also make it very clear that the kind of thing you're talking about counts. Unless it happens to be a juvenile proceeding. So my question actually is a slightly different one. You seem to concede that once a prior real conviction, something where there was a judgment that everybody would agree is a conviction, is expunged, it doesn't count anymore for purposes of the Fair Credit Reporting Act. Is that correct? I don't think that we concede that, Your Honor. But I think that the record in this case, the factual record, indicates that those are generally not reported because, quite frankly, you can't find them. Have you, I mean, the Chief Judge asked Ms. Tater if she had looked at what other federal statutes do about this problem. And that might help us. Now, one other federal statute dealing with this problem is immigration cases where there's been a conviction that's later been expunged. In immigration law, an expunged conviction counts as a conviction. There must be lots of others. Have you researched how these others treat supervision dispositions or expunged convictions? We've done some research, Your Honor. I would admit that it is likely not as exhaustive as it probably could have been. But, for instance, the Gun Control Act is a good example. 18 U.S.C. That's 921. But 921 was amended after Dickerson to borrow state law. I'm trying to deal with how federal law deals with this. Well, I think that's important. Without that kind of clause. You know, the Supreme Court has held that a statute is supposed to be relying on the federal definition unless Congress has made a plain indication to the contrary. Sure. No, but I'm telling you again that I don't find that statement useful at all. The question is what's the content of the federal definition. Some federal definitions borrow from state law. Sometimes they borrow wholesale. The Civil Rights Act borrow the entire statute of limitations from state law. So we need to know what is federal law doing here. And also, you know, again, I was trying to come up with some kind of continuum. So you're saying not an arrest, you know, not the guilty plea where the judge says, you know, matter is continued for six months. Maybe, yes, a guilty plea if the judge says, I hereby accept your guilty plea and I'm ordering a pre-sentence report, which is what federal judges do regularly. It seems administratively for rent grow, digging into the docket of every single case is burdensome. Maybe you have the personnel to do that. Whereas especially these days with electronic records, finding out if there's a judgment of conviction entered would be extraordinarily straightforward. I think that one, to address sort of the efficiencies of doing credit checks, you are correct. We have a system in place right now in the United States where a credit card application, a housing application, employment applications can be processed in a matter of minutes. And that's the fundamental, one of the fundamental premises of the Fair Credit Reporting Act was for a uniform nationwide application of credit laws and to make sure that we have a system of credit, housing, and employment in this country that moves forward as expeditiously as possible. Yes, I mean, that's fine. And I'm curious, I mean, you know, it's your business, why you would want to adopt such a cumbersome approach, you know, where you'd have to go in and try to find, you know, oh, has there been a hearing yet? Is there a motion to suppress? Is there a guilty plea? You know, what, where are we? And what, if you have one trigger, maybe that's uniform and easily administered, but you don't seem to. You have all these manuals and people who are looking at things. It's a cumbersome process to a certain extent. One of the ways that my client manages that is through a computerized algorithm in the first instance and a manual review in the second instance if there is a hit that comes up. And about a third of the hits, well, two-thirds of the hits are false positives you wrote in your brief. That's 33,000 and about 10,000 turn out to require further investigation. I think that that's correct. In this algorithm, there are other companies besides RentGro that are doing this, correct? That's correct. And there's various sensitivity that these companies may have with regard to whether or not it results in ultimately a hit that's a conviction. Is that correct? So the algorithm is fairly similar on the running of the background check. The question is whether a certain property's criteria exclude an applicant for one of those hits. So that's up to the landlord to decide whether they permit people, for instance, who have a battery conviction on their record to ultimately— Or a battery accusation on their record. Or a battery charge if it's been less than seven years. Obviously, that's sort of without anybody throwing a fit about here. If it's only been a charge, it's only reportable for seven years. Are there any federal regulations or advisory opinions on this subject, either by the Fed or by the FTC? Not that we could identify, Your Honor. Not that you could find. Okay. And I do think that our research was fairly exhaustive on that. Okay. I'd like to talk a little bit about— They're not there. They're not there. That last step of the reasonableness of your client's investigation after notice. Ms. Aldaco here on the disputed criminal record says, quote, Order of protection was filed against Felipe Ruacho due to violence, end quote. If she had put in there, this was held open, counseled and closed, or dismissed prior to conviction or something like that, what would your client have done? Unfortunately, Your Honor, I don't think there are facts in the record for me to be able to answer that. I don't know. It would have changed the—it definitely would have changed the nature of our reinvestigation. As it was, the only investigation that we could do was whether this record belonged to Ms. Aldaco or not. That was the only problem that we were advised of. By Ms. Aldaco. By Ms. Aldaco. Now, of course, there was the gaffe that you made confusing six months of supervision with 60 months, which a potential landlord might consider material. Except in this case, the landlord never sees that information. So it's completely immaterial in this sense because what happens is this record comes through and then Yardi applies the criteria that have been set by the landlord and literally just gives the landlord a thumbs up or a thumbs down as to whether the applicant meets the criteria. And so the landlord never knows that she doesn't really have a conviction, that she never had a judgment of conviction entered into her. You have taken that upon yourself to equate all of these different— We would have said that she did have a conviction. Well, but the equation of all these different steps in the process. That's correct. The landlord does not review the record itself. We review the record and report back whether she meets criteria or not. So just in summary, we think that under the federal law here, and no doubt there are multiple definitions. The Gun Control Act is one where conviction is defined more specifically than it is in the FCRA at a minimum. But the way that we look at that is by looking at the plain language and the legislative history. Plain language is useless here. I mean, the word conviction, you can say it as many times over as you want. And we just spent the last half hour exploring what it might mean. So I'm not really helped. Context is a whole different thing. What's the structure this law has set up? What's it trying to do? And this law clearly is trying to do two things. This law has accurate credit reporting at its center. There's the seven years. You know, anything goes for the seven years. There's a limit. There's a conflict, basically, between the consumer's interest and the reporter's interest here. And the law strikes a balance. And so we're trying to figure out with this point, you know, what's the balance Congress has created? I think that at a very minimum, Congress is concerned with the uniform nationwide application of the rule, which means that it can't look to any of the particularities of the effect of a state law. Everything looks at, even sentencing, looks at individual state laws. In Colorado, people aren't going to have convictions for marijuana anymore. In, you know, some other state, in Texas, they are still going to have convictions for marijuana. You take what the state has criminalized. Indeed, you have to, because if a person is unwilling to abide by the laws of the place where they live, that's an important fact to know. So you can't actually get rid of state law quite that easily. And I think that that's actually, we agree with that very much. This reflects on whether a person is able to comply with the laws of the jurisdiction in which they're at. And for Illinois, the court supervision only is relevant to disabilities and disqualifications imposed by law. Well, that's not quite what the Illinois Supreme Court has said. I know that's the language of the statute, but we surely need to understand it in light of what the Illinois Supreme Court has said. We have been talking about when federal law incorporates state law. I'm sure you remember, it was only a few years ago in the Windsor case, the Supreme Court held that the federal government must incorporate state law on the question of what is marriage. There must be some criteria out there for deciding when a federal word is understood as a matter of federal law to refer to state law. Have you given any thought to those criteria beyond looking at Windsor, maybe? I think that we have felt that, I think it's U.S. v. Jones and Coal Capital, saying that Congress must make a plain indication to the contrary. Could you raise your voice? I'm sorry. I think that we've relied on the case law that says that Congress must make a plain indication to the contrary if it's relying on any sort of state law. Okay, well I think we're going to have to leave it there. So we thank you. And Ms. Tater, I think you have a small amount of time for rebuttal. I'll make sure you have at least a minute. I wanted to address very briefly the issue of Ms. Saldaco's dispute with Defendant Yardy. Ms. Saldaco advised Yardy that there was an inaccuracy on her consumer report that opened the door for Yardy to do a reasonable investigation. What they failed to do is they failed to advise not only that her supervision term was only six months, as this Court has pointed out, but also that ultimately the charges were discharged and there was no conviction. Yardy's position that we should include this broad definition of conviction is disingenuous and contrary to their own practices. Yardy maintains a disposition list which acknowledges several instances where adjudication is withheld in a criminal matter. And they acknowledge that in those instances, those are only reportable for seven years. And in addition to that, Yardy's own position is that they do indeed have to look to state law to determine whether or not an instance of adjudication withheld should be reported or should not be reported after seven years. Yardy's disposition list is replete with references to state law. They already look to state law to determine whether or not a particular disposition should be reported. Okay, I think you'll have to wrap up now. Thank you. Thank you very much. All right. Thanks to both counsel. We will take the case under advisory.